Submitted December 15, 2020; convictions on Counts 4 and 5 reversed and remanded, remanded for resentencing, otherwise affirmed April 7, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JERRY BORREGO,
*Defendant-Appellant.*

Marion County Circuit Court
18CR44399; A171147

485 P3d 307

David E. Leith, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 4 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was found guilty by jury verdict on two counts of attempted aggravated murder with a firearm (Counts 4 and 5), one count of first-degree assault with a firearm (Count 6), and one count of felon in possession of a firearm (Count 9). The jury returned unanimous verdicts for the first-degree assault and felon-in-possession counts, but the verdicts were not unanimous for either of the attempted aggravated murder counts. We discuss briefly each of defendant's three assignments of error on appeal. Because we conclude that the verdicts for attempted aggravated murder are erroneous, we reverse and remand the judgment of conviction for those counts, but otherwise affirm.

In the first assignment, defendant argues that, read together, the aggravated murder statute, ORS 163.095(1)(d) (2018), *amended by* Or Laws 2019, ch 635, § 1, and the attempted crime statute, ORS 161.405, mean that it was not permissible to charge defendant with two counts of attempted aggravated murder when none of the alleged victims of the crime died.[1] Defendant fired five shots into a truck containing two persons—one he knew and one a stranger. The stranger was struck in the face by a bullet but survived. The state charged defendant with two counts of attempted aggravated murder on the theory that, at the time of the shooting, by intentionally attempting to kill each victim, the requisite multiple victims were present. ORS 163.095(1)(d) (2018). Defendant argues that the presence of multiple victims is an attendant circumstance, that each element of an attempt crime requires an intentional *mens rea*, and that, under controlling law, it is legally impossible to attach such *mens rea* to a circumstance element. We thoroughly examined, and rejected, the same argument in *State v. Kyger*, 305 Or App 548, 471 P3d 764 (2020). Any differences in the factual contours between this case and *Kyger* do not dictate a different result. Consequently, we reject the first assignment claiming that the trial court erred by denying defendant's motion in arrest of judgment.

---

[1] Defendant argues that, when no one dies as a result of the attempted killings, charges may only be properly brought under ORS 163.115 and ORS 161.405, that is, attempted murder, not attempted aggravated murder.

In the second and third assignments, defendant asserts that instructing the jury that it could return nonunanimous verdicts and then accepting those verdicts constituted a structural error requiring reversal. After the United States Supreme Court ruled, in *Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that nonunanimous jury verdicts for serious offenses violate the Sixth Amendment, the Oregon Supreme Court held that providing a nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury returns mixed—both unanimous and nonunanimous—verdicts, despite the nonunanimous instruction, such "instructional error was harmless as to the unanimous verdicts." *Id.* at 329. However, with respect to the two attempted aggravated murder counts, each receiving 11-1 votes in favor of guilt, defendant is correct in claiming error based on the trial court receiving the nonunanimous verdicts. *Id.* at 294.

Convictions on Counts 4 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.